UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 2:06CR230 PPS |
| ) | |
| DR. MARK S. WEINBERGER, ) | |
| dba Merrillville Center for Advanced Surgery, ) | |
| LLC and Nose and Sinus Centers, LLC. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Defendant Mark Weinberger was an ear, nose and throat doctor with a surgery center in Merrillville, Indiana. Weinberger has entered a guilty plea to 22 counts of health care fraud in violation of 18 U.S.C. §1347. The indictment in this case alleges that he fraudulently obtained money from private health benefit programs in connection with claimed surgical procedures that were not in fact performed. [DE 1, p.3]. Each of the 22 counts lists a particular patient and date of surgery, along with the dollar amount of the fraudulent claim billed to the patient's insurance company. His plea agreement was predicated on his admission that he is guilty of billing patients' insurance companies for procedures that he knew he had not performed. Weinberger now awaits sentencing. In addition to this criminal case, Weinberger has been named as a defendant in literally hundreds of civil lawsuits brought by former patients accusing him of medical malpractice. Weinberger's notoriety grew when, in the midst of all this, he disappeared in Europe and was not found for several years. These events, and the media's coverage of these

events, have created considerable public interest in Weinberger's legal matters and strong opinions concerning his punishment.

In relation to sentencings before them, judges routinely receive letters from people wishing to share information they believe should be taken into account in the sentencing determination. *See*, *e.g., United States v. Vrdolyak*, 593 F.3d 676, 688 (7th Cir. 2010).[1] Most often, these are letters of support from a defendant's family, friends, business associates or clergy, recounting the defendant's positive attributes and past good deeds, and the defendant's remorse and intentions for a better future. These letters ask the judge to be lenient in sentencing the defendant. Less often, the letters are from victims of the defendant's crime, or others who want to share negative information about the defendant's character and conduct in hopes of influencing the judge to sentence harshly. One such letter has recently been docketed and filed in this case.[2] The defendant has filed a motion to strike the filing as procedurally improper because it is made by a non-party. Experienced defense counsel must be well familiar with such letters and their frequent submission to sentencing judges, and must often have solicited letters in

---

[1] "Like victim impact statements, such letters are entirely appropriate in a sentencing hearing....The district court has an obligation to consider such letters when considering the history and characteristics of the defendant." *Id*. [Hamilton, J., dissenting].

[2] In the present context, I do not deal with the special category of crime victims, and their statutory rights in connection with sentencing proceedings. *See* 18 U.S.C. §3771. "Crime victim" is defined by §3771(e) as "a person directly and proximately harmed as a result of the commission of a Federal offense." Although many people may have been harmed by medical malpractice committed by Dr. Weinberger, the victims "directly and proximately harmed" by the health care fraud alleged in this case are the "private health benefit programs," that is, the insurance companies to which fraudulently inflated insurance claims were made. The writer of the recently filed letter refers to herself as "one of Mark Weinberger's numerous victims" but the letter does not suggest that she was defrauded by the health insurance scheme which is the subject of this criminal prosecution.

support of their clients from their family and friends. The issue raised is whether or not the letter is appropriately filed in the record.

Different judges may handle such letters – pro or con – in different manners. My practice is to have such letters docketed and made part of the record in the criminal case. First, I do this to ensure that the lawyers in the case promptly receive notice and copies of the letters, which are seldom served on them by the letter's writer. Second, I do this because I believe the official record of the case should contain everything that has come before me in the matter, including anything that has been submitted in an attempt to influence my decisionmaking in any way. Third, I believe that filing the letters is consistent with the general principles behind public proceedings in criminal cases, although subject always to the court's discretion to seal from public view materials that should not be made public. Examples would include filings that disclose confidential information pertaining to the defendant or other persons, or that make unduly inflammatory accusations inappropriately aired in the present context.

Judges develop expertise in weighing the letters they receive, in identifying the bias of the letter writer and the relevance and significance of their content to the matter before the court. By sharing the letters with counsel, I also rely on the parties' lawyers to offer any challenge they see fit to make concerning the letters' assertions and their relevance and significance to the sentencing proceeding. Proceeding this way helps to insure that the letters are given appropriate consideration, but only so much weight as they deserve in the larger context of the proceeding, in which I must consider the nature and circumstances of the offense for which sentence is being imposed as well as the history and characteristics of the defendant. The letter at issue here was docketed and filed in the case in accordance with my usual policy, and Weinberger fails to

present any persuasive basis for deviating from that policy with respect to this particular letter. Since the filing of that letter and the motion challenging it, I have received a number of other letters concerning Weinberger and the sentence to be imposed. Consistent with the policies identified here, those letters will also be made a part of the record.

ACCORDINGLY, defendant Weinberger's Motion to Strike the *Pro Se* Filing of a Non-Party [DE 48] is DENIED.

SO ORDERED.

ENTERED: February 4, 2011.

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT