# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:06 CR 230 PS |
| MARK WEINBERGER, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Change of Venue [DE 73] filed by defendant Mark Weinberger. In his motion, Weinberger contends that long-standing and on-going pre-trial publicity and media coverage have occasioned actual and presumed local prejudice and bias against him, imposing upon his due process right to a fair and impartial trial in the Hammond Division for the Northern District of Indiana.

Rule 18 of the Federal Rules of Criminal Procedure allows the court to set the place of trial within a district "with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Rule 21(a) authorizes transfer to another district for trial "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Weinberger invokes both rules and asks for trial in this district's Fort Wayne or Lafayette divisions, or for an inter-district transfer if the court deems it appropriate, "in light of substantial pre-trial publicity, media coverage and other litigation involving the Defendant that is primarily focused in the Chicagoland and Northwest Indiana areas." DE 73, p.1.

I am persuaded that to try Weinberger in the Hammond division would subject him to marked local bias against him, given the years of somewhat sensational media attention in this area, including coverage of the avalanche of medical malpractice litigation against Weinberger, his

September 2004 disappearance while on a Mediterranean cruise, his reportedly lavish lifestyle before his disappearance, Weinberger's eventual discovery in the Italian Alps in December 2009, his extradition to the United States after what has been called a suicide attempt, and his plea of guilty to all 22 counts of the indictment, later withdrawn after my rejection of the parties' plea agreement. Most of these matters are entirely inadmissible in a trial of the health care fraud charges Weinberger faces, and the coverage clearly has cast Weinberger in a strongly unfavorable light. Exposure to reports of the plea deal is an especially troubling prospect, as the fact that Weinberger once agreed to plead guilty is a bell that cannot be effectively "un-rung" in the mind of a juror called upon to determine whether or not Weinberger is guilty of the charges against him.

Weinberger's motion lists 99 articles appearing in the *Northwest Indiana Times* newspaper between October 2004 and July 2011. Many of these articles characterize Weinberger as a fugitive from justice and cast him in a negative light with respect to both the criminal charges and the hundreds of civil suits. The distinction between the criminal and civil litigation is one frequently lost in the public's mind. Broader coverage in national magazines and television shows remains a concern wherever trial is held, but removing the proceedings from the immediate area of the most long-standing, frequent and intense media coverage is clearly appropriate and in the interest of justice here. In addition, I consider the number of potential jurors who have themselves been, or who have known, patients of the defendant. The office of Dr. Weinberger's Nose & Sinus Centers, LLC in Merrillville, Indiana was situated only 20 miles from the Hammond courthouse.

Rule 18 has been recognized as giving the trial judge "broad discretion" to decide where to fix the location of the trial. *United States v. Balistrieri*, 778 F.2d 1226 (7th Cir. 1985). In this instance, I consider an intradistrict transfer on the same grounds as support an inter-district transfer under Rule 21, namely prejudice against the defendant. This concern can be considered an element

2

of "the prompt administration of justice" under Rule 18, and here outweighs the convenience of the defendant, any victims and the witnesses, which is the other element of Rule 18 analysis. In opposition to Weinberger's motion, the government only summarily raises the issue of inconvenience to itself and its witnesses, merely asserting that the majority of the government's witnesses are "likely" to be located in the Hammond/Chicagoland area. This sort of half-hearted contention doesn't weigh strongly against the considerable media attention and bias against Weinberger, which has already been demonstrated by the unusual number of letters sent to the court opposing the parties' plea agreement as too lenient. *See* DE 47, 53, 60. Neither does the government's additional witness expense (estimated in the four digits) weigh heavily in the necessary analysis of Weinberger's due process rights. DE 92.

"Due process requires that the accused receive a trial by an impartial jury free from outside influences. Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, the trial courts must take strong measures to ensure that the balance is never weighed against the accused." *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966). I am persuaded that moving the trial from the Hammond courthouse is necessary to address the strong degree of bias engendered in the potential jury pool by media coverage of defendant Weinberger and his history. Of course, voir dire will address the prejudice, if any, of particular jurors, but a jury pool drawn only from Lake and Porter counties would be much more likely to have a strongly negative familiarity with Weinberger's practice and the many legal claims – both civil and criminal – that have been lodged against him. Based on my evaluation of the circumstances and giving consideration to all the factors relevant under Rules 18 and 21(a), I conclude that in this case the trial must be "transfer[red] to another county not so permeated with publicity." *Id*. at 363.

Turning to the question of where to transfer trial, I first considered the Lafayette courthouse

of this district. Although I believed that such a transfer – some 100 miles to the south of the Hammond courthouse – would be sufficient to address juror bias, I determined that the logistics of trying such a criminal case in the old Lafayette courtroom were prohibitive. Of particular concern is the need to shield the fact of defendant's custody from the jurors, and the difficulty of doing so where the position of the holding cell requires movement of the defendant through a public hallway past the jury room, through the front doors of the courtroom and through the gallery to counsel's table.

The courthouse of the South Bend division is approximately 70 miles from the site of defendant's former medical practice in Merrillville, Indiana, and is only 10 miles closer to that Merrillville medical office than the Lafayette courthouse. I researched on-line databases of the two principal newspapers in South Bend and Elkhart, Indiana, as well as of six television stations in the South Bend/Elkhart market that might have generated regional news coverage. I found one newspaper story from December 2009 reporting that Weinberger had been found in Italy, and two television news pieces from March 2011 reporting on one of the medical malpractice actions against Weinberger. This scant coverage indicates that the risk of bias based on publicity is reduced to an acceptable level. The South Bend division was not mentioned by defendant in his motion for change of venue. At the October 20, 2011 hearing, however, defense counsel indicated the omission merely reflected that, without doing any investigation, counsel considered South Bend too close, but that counsel was satisfied with what I reported concerning media coverage. So Weinberger does not object to moving the trial to South Bend.

ACCORDINGLY:

The Court, having reviewed the same, and being otherwise duly advised in the premises, now finds that the Defendant's Motion for Change of Venue [DE 73] is well-taken, and hereby GRANTS the same.

of this district. Although I believed that such a transfer – some 100 miles to the south of the Hammond courthouse – would be sufficient to address juror bias, I determined that the logistics of trying such a criminal case in the old Lafayette courtroom were prohibitive. Of particular concern is the need to shield the fact of defendant's custody from the jurors, and the difficulty of doing so where the position of the holding cell requires movement of the defendant through a public hallway past the jury room, through the front doors of the courtroom and through the gallery to counsel's table.

The courthouse of the South Bend division is approximately 70 miles from the site of defendant's former medical practice in Merrillville, Indiana, and is only 10 miles closer to that Merrillville medical office than the Lafayette courthouse. I researched on-line databases of the two principal newspapers in South Bend and Elkhart, Indiana, as well as of six television stations in the South Bend/Elkhart market that might have generated regional news coverage. I found one newspaper story from December 2009 reporting that Weinberger had been found in Italy, and two television news pieces from March 2011 reporting on one of the medical malpractice actions against Weinberger. This scant coverage indicates that the risk of bias based on publicity is reduced to an acceptable level. The South Bend division was not mentioned by defendant in his motion for change of venue. At the October 20, 2011 hearing, however, defense counsel indicated the omission merely reflected that, without doing any investigation, counsel considered South Bend too close, but that counsel was satisfied with what I reported concerning media coverage. So Weinberger does not object to moving the trial to South Bend.

ACCORDINGLY:

The Court, having reviewed the same, and being otherwise duly advised in the premises, now finds that the Defendant's Motion for Change of Venue [DE 73] is well-taken, and hereby GRANTS the same.

The trial of this case will be held in the **South Bend Division** of the Northern District of Indiana.

The Court affirms the presently-scheduled **trial setting of January 9, 2012 at 9:00 a.m. South Bend/Eastern time.** The probable length of trial is 2 weeks. Any plea agreement is to be filed with the District Court no later than **December 23, 2011**. Late pleas may result in the imposition of jury costs against the delaying party(ies) and/or counsel.

The Court further affirms the presently-scheduled **Final Pretrial Conference set for December 6, 2011 at 9:30 a.m.** before the undersigned.

SO ORDERED this 24th day of October, 2011.

    /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT